UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAZON AHMED,

      Petitioner,

         v.                      CAUSE NO. 3:26-CV-250-CCB-SJF

BRIAN ENGLISH,

      Respondent.

**ORDER TO SHOW CAUSE**

Immigration detainee Razon Ahmed, representing himself, filed a petition under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Ahmed alleges that Immigration and Customs Enforcement (ICE) detained him in April 2018 but released him after two years on an Order of Supervision. On September 16, 2025, ICE detained him again, and he is now at the Miami Correctional Facility.

Ahmed argues that he is entitled to habeas relief because of the length of his detention because his removal to another country is unlikely to occur because ICE cannot obtain travel documents. He also alleges that he did not violate his Order of Supervision and that ICE provided no explanation for detaining him again. For relief, he asks for his immediate release and to prevent the government from transferring him while his petition remains pending.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing

orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, the court has jurisdiction to review the legality of Ahmed's detention under 8 U.S.C. § 1231(a).

When answering the petition, the respondent should consider that some issues regarding re-detention under 8 U.S.C. § 1231(a) have already been decided by the court. This court has determined that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips this court of jurisdiction over a habeas petition challenging a petitioner's re-detention under § 1231(a) and that the six-month period of presumptive reasonableness identified in *Zadvydas* does not apply to subsequent detentions following a release based on the unforeseeability of removal. *See Vu v. English*, No. 3:25CV999 DRL-SJF, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.); *Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, 1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.); *see also Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, 1-4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.). To the extent the respondent would raise the same arguments regarding subject matter jurisdiction and the merits already discussed in *Vu*, *Kem*, and *Pho*, there is no need to rehash these same arguments. The respondent may preserve them, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and those issues particular to this petitioner.

Further, the court construes Ahmed's request to prevent the government from transferring him while his petition remains pending as a motion for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Significantly, there is no suggestion that Ahmed is likely to be transferred before this case is resolved. Consequently, the court denies the motion for a preliminary injunction.

For these reasons, the court:

(1) **GRANTS** the motion for leave to proceed *in forma pauperis* (ECF 2);

(2) **DENIES** the motion for a preliminary injunction contained within the habeas petition;

(3) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(5) **ORDERS** the entities listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) **ORDERS** respondent to file a brief status report by **March 3, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Razon Ahmed from the United States in the next thirty days and, if so, to where;

(7) ORDERS respondent to answer the petition by **March 6, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal interview and any other custody reviews following Razon Ahmed's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(8) **ORDERS** that Razon Ahmed may file a reply by **March 27, 2026**.

SO ORDERED on February 27, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT